William M. Hogg (SBN 338196)
Michael A. Josephson*
Andrew W. Dunlap*
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
whogg@mybackwages.com
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
rburch@brucknerburch.com

*\- Pro hac vice* forthcoming

*Counsel for Plaintiff and the Putative Class Members*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RANIE SHRECKENGOST**, Individually and for Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>**SWCA, INCORPORATED**, an Arizona for-profit corporation,<br><br>Defendant. | Case No. _____<br><br>**ORIGINAL CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>(1)  Failure to Pay Overtime (Cal. Lab. Code § 510);<br>(2)  Failure to Authorize and Permit and/or Make Available Meal and Rest Periods (Cal. Lab. Code §§ 226.7 and 512);<br>(3)  Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Lab. Code § 226);<br>(4)  Waiting Time Penalties (Cal. Lab. Code §§ 201-203); and<br>(5)  Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*).<br><br>**DEMAND FOR JURY TRIAL** |

---

ORIGINAL CLASS ACTION COMPLAINT AND JURY DEMAND
*Shreckengost, et al. v. SWCA, Inc.*

**SUMMARY**

1. Ranie Shreckengost ("Shreckengost") brings this class action to recover unpaid wages and other damages from SWCA, Incorporated ("SWCA").

2. SWCA employed Shreckengost as one of its Straight Time Employees (defined below) in and around Sacramento, California.

3. SWCA paid Shreckengost and the other Straight Time Employees by the hour.

4. The Straight Time Employees regularly worked more than 40 hours a week.

5. But SWCA did not pay its Straight Time Employees overtime or double time.

6. Instead, SWCA paid the Straight Time Employees the same hourly rate for all hours worked, including those after 8 in a day and 40 in a week (or "straight time for overtime").

7. Indeed, SWCA uniformly misclassified its Straight Time Employees as exempt from overtime (and double time).

8. But SWCA never paid its Straight Time Employees on a "salary basis."

9. SWCA's uniform straight time for overtime pay scheme violates various provisions of the California Labor Code and applicable Industrial Welfare Commission ("IWC") Wage Orders by depriving the Straight Time Employees of "time and a half" overtime pay they are owed for all hours worked after 8 in a day and 40 in a week, as well as "double time" pay they are owed for all hours worked after 12 in a day and after 8 on their seventh consecutive workday. *See* CAL. LAB. CODE § 510; IWC Wage Order No. 17-2001(3)(A)(1).

10. In addition to not paying the Straight Time Employees premium overtime (and double time) wages, SWCA also uniformly failed to provide these employees with compliant meal and rest periods.

11. Instead, SWCA uniformly required the Straight Time Employees to remain on-duty and to perform compensable work throughout their shifts and failed to provide them with *bona fide*, timely, and compliant meal and rest periods.

12. SWCA's failure to provide the Straight Time Employees with *bona fide* meal and rest periods violates the meal and rest period provisions of the California Labor Code and applicable IWC

Wage Orders. *See* CAL. LAB. CODE §§ 226.7 and 512; IWC Wage Order No. 17.

13.    Despite depriving the Straight Time Employees of their required meal and rest periods, SWCA uniformly failed to pay these employees the required one hour of premium pay (at their regular rates) for each day SWCA denied them an off-duty meal or rest period in violation of California law. *See* CAL. LAB. CODE § 226.7(c); IWC Wage Order No. 17.

14.    As a result of its illegal policies, SWCA also violated the accurate wage statement provisions of the California Labor Code and applicable IWC Wage Orders by depriving the Straight Time Employees of wage statements that accurately reflect (1) all wages actually earned and (2) premium pay for missed meal and rest periods earned. *See* CAL. LAB. CODE § 226; IWC Wage Order No. 17-2001(7).

15.    Likewise, as a result of its illegal policies, SWCA also violated the waiting time provisions of the California Labor Code and applicable IWC Wage Orders by depriving Straight Time Employees that have left their employment with SWCA (like Shreckengost) of all wages earned upon separation. *See* CAL. LAB. CODE §§ 201-203

16.    Finally, SWCA's illegal employment practices violate California's Unfair Competition Law ("UCL") by practicing, employing, and utilizing the employment practices outlined above by knowingly denying the Straight Time Employees: (1) overtime wages; (2) double time wages; (3) accurate itemized wage statements; (4) compliant meal and rest periods and associated penalty pay; and (3) waiting time penalties. *See* CAL. BUS. & PROF. CODE §§ 17200, *et seq.*

### JURISDICTION & VENUE

17.    This Court has original subject matter jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d) (CAFA).

18.    Specifically, (a) the matter in controversy exceeds $5,000,000; (b) at least one member of Shreckengost's Putative Class and SWCA are citizens of different states (indeed, Shreckengost is domiciled in Pennsylvania, and SWCA is domiciled in Arizona); and (c) the Putative Class exceeds 100 members.

19.    This Court has specific personal jurisdiction over SWCA with respect to this action because SWCA employed Shreckengost and the Straight Time Employees in California.

1    20.    Venue is proper because a substantial portion of the events or omissions giving rise to this

2    action occurred in this District and Division. 28 U.S.C. § 1391(b)(2).

3    21.    Specifically, SWCA employed Shreckengost in and around Sacramento, California, which

4    is in this District.

5    **PARTIES**

6    22.    Shreckengost worked for SWCA as a Field Biologist in and around Sacramento, California

7    from approximately August 2021 until May 2022.

8    23.    Throughout her employment, SWCA classified Shreckengost as exempt from overtime

9    (and double time).

10    24.    But SWCA never paid Shreckengost on a "salary basis."

11    25.    Instead, SWCA paid Shreckengost straight time for overtime.

12    26.    Further, throughout her employment, SWCA failed to provide Shreckengost with

13    compliant meal and rest periods.

14    27.    But SWCA also failed to pay Shreckengost the required one hour of premium pay (at her

15    regular rate) each day SWCA denied her a compliant meal and/or rest period.

16    28.    Finally, throughout her employment, SWCA failed to provide Shreckengost with accurate,

17    itemized wage statements.

18    29.    Shreckengost brings this action on behalf of herself and all other similarly situated

19    employees in California who SWCA paid under its straight time for overtime pay scheme.

20    30.    SWCA paid each of these employees the same hourly rate for all hours worked, including

21    those worked after 8 in a day and 40 in a week.

22    31.    The Putative Class of similarly situated employees is defined as:

23    **All employees who worked for, or on behalf of, SWCA in**
**California who were paid straight time for overtime at any time**
24    **during the past 4 years (the "Straight Time Employees".**

25    32.    SWCA is an Arizona for-profit corporation that maintains its headquarters and principal

26    place of business in Phoenix, Arizona. Upon information and belief, SWCA does business in California

27    under the trade name "SWCA Environmental Consultants."

28

ORIGINAL CLASS ACTION COMPLAINT AND JURY DEMAND
*Shreckengost, et al. v. SWCA, Incorporated*

33.     SWCA may be served with process by serving its registered agent: **CT Corporation System, 330 North Brand Boulevard, Suite 700, Glendale, California 91203**.

FACTUAL ALLEGATIONS

34.     "SWCA is a global environmental consulting firm"[1] with operations across the country, including in California:[2]



35.     To meet its business objectives, SWCA hires workers, like the Straight Time Employees, who it assigns to provide services to its clients.

36.     SWCA pays its Straight Time Employees on an hourly basis.

37.     SWCA routinely schedules its Straight Time Employees to work more than 40 hours a week.

38.     Instead of paying its Straight Time Employees at 1.5 times their regular rates of pay for hours worked after 40 in a workweek, SWCA pays them same hourly rate for all hours worked.

39.     While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practice for similar work.

40.     For example, Shreckengost worked for SWCA as a Field Biologist in and around

---

[1]     https://www.swca.com/ (last visited July 27, 2023).
[2]     https://www.swca.com/who-we-are/locations (last visited July 27, 2023).

1    Sacramento, California from approximately August 2021 until May 2022.

2        41.    As a Field Biologist, Shreckengost's primary responsibilities included collecting data and

3    information from plants and wildlife before and during construction projects, conducting environmental

4    surveys, and completing reports on the same.

5        42.    SWCA misclassified Shreckengost as exempt from overtime.

6        43.    SWCA paid her under its illegal straight time for overtime pay scheme.

7        44.    Specifically, SWCA paid Shreckengost approximately $26/hour for all hours worked,

8    including those after 8 in a workday and/or 40 in a workweek.

9        45.    SWCA requires all Straight Time Employees to record the number of hours they work.

10        46.    SWCA never paid the Straight Time Employees on a "salary basis."

11        47.    SWCA did not pay its Straight Time Employees a guaranteed salary that was not subject

12    to deductions.

13        48.    If the Straight Time Employees work fewer than 40 hours, SWCA only pays them for the

14    hours they actually work.

15        49.    But Shreckengost and the other Straight Time Employees regularly work more than 8

16    hours in a workday and 40 hours in a workweek.

17        50.    Shreckengost worked more than 8 hours in a workday and 40 hours in at least one

18    workweek during the four years before this Complaint was filed.

19        51.    Likewise, each Straight Time Employee worked more than 8 hours in a workday and 40

20    hours in at least one workweek during the four years before this Complaint was filed.

21        52.    Indeed, Shreckengost and the Straight Time Employees typically work 8-to-12 hours a

22    day, for at least 5 days a week.

23        53.    Shreckengost and the other Straight Time Employees work in accordance with the

24    schedule set by SWCA (and/or its clients).

25        54.    When Shreckengost and the Straight Time Employees work more than 8 hours in a

26    workday or 40 hours in a workweek, SWCA does not pay them overtime at rates not less than 1.5 times

27    their regular rates of pay.

28

55.    Likewise, when Shreckengost and the Straight Time Employees work more than 12 hours in a workday or 8 hours on their seventh consecutive workday, SWCA does not pay them double time at rates not less than 2 times their regular rates of pay.

56.    SWCA only pays Shreckengost and the Straight Time Employees straight time for overtime.

57.    Despite misclassifying Shreckengost and the Straight Time Employees as exempt, Shreckengost and the other Straight Time Employees primarily perform non-exempt job duties.

58.    The Straight Time Employees' primary duties do not include supervising other SWCA employees.

59.    The Straight Time Employees' primary duties are not management.

60.    The Straight Time Employees' primary duties do not require the exercise of independent judgment or discretion with respect to matters of significance.

61.    Rather, the Straight Time Employees' primary duties are routine and largely governed by standardized plans, procedures, and checklists created by SWCA.

62.    Virtually every job function is predetermined by SWCA, including the tools and equipment used at the job site, the data to compile, the schedule of work, and related work duties.

63.    In sum, Shreckengost and the Straight Time Employees are non-exempt employees and, therefore, entitled to overtime (and double time) wages.

64.    But SWCA does not pay these non-exempt employees, including Shreckengost and the Straight Time Employees, overtime wages when they work more than 8 hours in a workday or 40 hours in a workweek.

65.    Likewise, SWCA does not pay these non-exempt employees, including Shreckengost and the Straight Time Employees, double time wages when they work more than 12 hours in a workday or 8 hours on their seventh consecutive workday.

66.    In addition to depriving Shreckengost and the Straight Time Employees of overtime and double time wages, SWCA also uniformly fails to provide these employees with compliant, off-duty, *bona fide* meal and rest periods.

67.     Indeed, SWCA simply assumes Shreckengost and the Straight Time Employees receive *bona fide* meal and rest breaks each shift they work.

68.     But SWCA fails to provide Shreckengost and the Straight Time Employees with *bona fide* meal and rest periods.

69.     And Shreckengost and the Straight Time Employees do not actually receive *bona fide* meal or rest periods.

70.     Instead, SWCA uniformly requires Shreckengost and the Straight Time Employees to remain on-duty and perform compensable work throughout their shifts, including during any attempted meal and/or rest periods.

71.     Indeed, during any attempted meal or rest period, Shreckengost and the Straight Time Employees are not free to engage in personal activities.

72.     Rather, during any attempted "meal break" or "rest break," Shreckengost and the Straight Time Employees are necessarily forced to substantially perform their regular duties and responsibilities.

73.     Thus, Shreckengost and the Straight Time Employees routinely spend their "meal breaks" and "rest breaks" performing work for SWCA's—not these employees'—predominant benefit.

74.     Despite knowing it fails to provide these employees with compliant meal and rest periods, SWCA also uniformly fails to pay Shreckengost and the Straight Time Employees the mandatory one hour of premium pay (at their regular rates) for each day they are denied compliant meal and/or rest periods in violation of California law.

75.     Further, SWCA's common course of wage-and-hour abuses includes routinely failing to maintain true and accurate records for Shreckengost and the Straight Time Employees.

76.     In particular, SWCA fails to pay Shreckengost and the Straight Time Employees overtime and double time due to SWCA's illegal straight time for overtime pay scheme.

77.     Thus, SWCA uniformly fails to provide Shreckengost and the Straight Time Employees with accurate, itemized wage statements that accurately reflect their wages actually earned (as well as their meal and rest period premium pay) in violation of California law.

78.     Finally, due to SWCA's uniform straight time for overtime pay scheme, SWCA uniformly

1    fails to provide the Straight Time Employees who have left their employment with SWCA (like

2    Shreckengost) with full payment of all wages owed at the end of their employment in violation of

3    California law.

4        79.    As these Straight Time Employees are owed unpaid overtime wages and premium wages

5    when their employment ends, and these amounts remain unpaid under SWCA's uniform policies and

6    practices, SWCA uniformly fails to pay all wages due upon termination in violation of California law.

7        80.    As a result, SWCA is subject to waiting time penalties.

8        81.    SWCA's violations of California law were willful, carried out in bad faith, and caused

9    significant damage to the Straight Time Employees.

10    **RULE 23 CLASS ACTION ALLEGATIONS**

11        82.    Shreckengost incorporates all other paragraphs by reference.

12        83.    Shreckengost brings her claims as a class action on behalf of herself and the other Straight

13    Time Employees pursuant to FED. R. CIV. P. 23.

14        84.    The Straight Time Employees are uniformly victimized by SWCA's straight time for

15    overtime pay scheme, which is in willful violation of California law.

16        85.    Other Straight Time Employees worked with Shreckengost and indicated they were paid

17    in the same manner, performed similar work, and were subject to SWCA's same straight time for

18    overtime pay scheme.

19        86.    Based on her experience with SWCA, Shreckengost is aware SWCA's illegal practices were

20    imposed on the Straight Time Employees.

21        87.    The Straight Time Employees are similarly situated in all relevant respects.

22        88.    Even if their precise job duties and locations might vary, these differences do not matter

23    for the purposes of determining their entitlement to overtime.

24        89.    Any relevant exemption defenses would require SWCA to pay the Straight Time

25    Employees on a salary basis.

26        90.    Because SWCA fails the salary basis test with respect to the Straight Time Employees, the

27    specific job duties performed by those employees are largely irrelevant.

28

91.     The relevant job duty is whether the Straight Time Employees worked more than 8 hours in a day and/or 40 hours in a week (which, by definition, they did).

92.     Therefore, the specific job titles or precise job locations of the various Straight Time Employees do not prevent class treatment.

93.     Rather, SWCA's uniform straight time for overtime pay scheme renders Shreckengost and the other Straight Time Employees similarly situated for the purposes of determining their right to overtime (and double time) pay.

94.     SWCA's records reflect the number of hours worked each week by the Straight Time Employees.

95.     SWCA's records also show the Straight Time Employees were paid "straight time," instead of "time and a half," for their overtime hours.

96.     Likewise, SWCA's records show the Straight Time Employees were paid "straight time," instead of "double time" for their double time hours.

97.     The back wages owed to Shreckengost and the other Straight Time Employees can be calculated using the same formula applied to the same records.

98.     Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to SWCA's records, and there is no detraction from the common nucleus of liability facts.

99.     Therefore, the issue of damages does not preclude class treatment.

100.    Shreckengost's experiences are therefore typical of the experiences of the Straight Time Employees.

101.    Shreckengost has no interest contrary to, or in conflict with, the Straight Time Employees that would prevent class treatment.

102.    Like each Straight Time Employee, Shreckengost has an interest in obtaining the unpaid wages owed under California law.

103.    A class action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

ORIGINAL CLASS ACTION COMPLAINT AND JURY DEMAND
*Shreckengost, et al. v. SWCA, Incorporated*

104.    Absent this class action, many Straight Time Employees will not obtain redress for their injuries, and SWCA will reap the unjust benefits of violating California law.

105.    Further, even if some of the Straight Time Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

106.    Concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Straight Time Employees' claims.

107.    The questions of law and fact that are common to each Straight Time Employee predominate over any questions affecting solely the individual members.

108.    Among the common questions of law and fact are:

    a.    Whether SWCA applied its straight time for overtime pay scheme uniformly to the Straight Time Employees;

    b.    Whether SWCA misclassified Shreckengost and the Straight Time Employees as exempt from the California Labor Code's overtime provisions;

    c.    Whether Shreckengost and the Straight Time Employees are non-exempt employees entitled to overtime (and double time) wages;

    d.    Whether SWCA's straight time for overtime pay scheme satisfies the "salary basis" test;

    e.    Whether SWCA's straight time for overtime pay scheme deprived Shreckengost and the Straight Time Employees of premium overtime wages they are owed under California law;

    f.    Whether SWCA's straight time for overtime pay scheme deprived Shreckengost and the Straight Time Employees of premium double time wages they are owed under California law;

    g.    Whether SWCA failed to provide Shreckengost and the Straight Time Employees with *bona fide* meal and rest periods;

    h.    Whether SWCA failed to provide Shreckengost and the Straight Time Employees with the mandatory one hour of premium pay for each day these employees are denied a

1    compliant meal or rest period;

2    i.    Whether SWCA failed to provide Shreckengost and the Straight Time Employees with

3    accurate, itemized wage statements;

4    j.    Whether SWCA failed to provide Shreckengost and the Straight Time Employees who

5    have left their employment with SWCA of all their earned wages upon separation;

6    k.    Whether SWCA's violations of the FLSA resulted from a continuing course of

7    conduct;

8    l.    Whether SWCA's decision to misclassify Shreckengost and the Straight Time

9    Employees as exempt was made in good faith;

10    m.    Whether SWCA's decision not to pay Shreckengost and the Straight Time Employees

11    overtime (and double time) was made in good faith;

12    n.    Whether SWCA's violations of California law were willful; and

13    o.    The proper formula for calculating restitution, damages and penalties owed to

14    Shreckengost and the Straight Time Employees as alleged herein.

15    109.    Shreckengost knows of no difficulty that will be encountered in the management of this

16    litigation that would preclude its ability to go forward as a class action.

17    110.    As part of its regular business practices, SWCA intentionally, willfully, and repeatedly

18    engaged in a pattern, practice, and/or policy of violating California labor laws with respect to the Straight

19    Time Employees.

20    111.    SWCA's illegal straight time for overtime pay scheme deprived Shreckengost and the other

21    Straight Time Employees of the premium overtime and double time wages they are owed under

22    California law.

23    **SWCA's VIOLATIONS OF CALIFORNIA LAW WERE WILLFUL**
**AND/OR DONE IN RECKLESS DISREGARD OF CALIFORNIA LAW**

24

25    112.    Shreckengost incorporates all other paragraphs by reference.

26    113.    SWCA knew it was subject to the California Labor Code and applicable IWC Wage

27    Order's overtime and double time provisions.

28

114.     SWCA knew California Labor Code and applicable IWC Wage Order(s) required it to pay non-exempt employees, including the Straight Time Employees, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 8 in a workday and 40 in a workweek.

115.     SWCA knew California Labor Code and applicable IWC Wage Order(s) required it to pay non-exempt employees, including the Straight Time Employees, double time wages at rates not less than 2 times their regular rates of pay for all hours worked after 12 in a workday and 8 on their seventh consecutive workday.

116.     SWCA knew each Straight Time Employee worked more than 8 hours in a least one workday and/or 40 hours in at least one workweek during the 4 years before this Complaint was filed because it expected and required these workers to do so.

117.     SWCA knew each Straight Time Employee worked more than 12 hours in a least one workday and/or 8 hours in at least one seventh consecutive workday during the 4 years before this Complaint was filed because it expected and required these workers to do so.

118.     SWCA knew the Straight Time Employees were its hourly employees.

119.     SWCA knew it paid the Straight Time Employees on an hourly basis.

120.     SWCA knew it paid the Straight Time Employees straight time for overtime.

121.     SWCA knew it did not pay the Straight Time Employees on a "salary basis."

122.     SWCA knew it did not pay the Straight Time Employees any guaranteed salary that was not subject to deduction based on the number of hours or days worked.

123.     SWCA knew its straight time for overtime pay scheme did not satisfy the salary basis test.

124.     SWCA knew it needed to pass the salary basis test to qualify for the exemptions it claimed with respect to the Straight Time Employees.

125.     SWCA knew the Straight Time Employees' primary duties do not include supervising any SWCA employees.

126.     SWCA knew Shreckengost and the Straight Time Employees' primary duties were not management.

127.     SWCA knew the Straight Time Employees' primary duties do not include exercising

1   independent discretion or judgment with respect to matters of significance.

2       128.    SWCA knew the Straight Time Employees primarily performed non-exempt work.

3       129.    Nonetheless, SWCA uniformly misclassified the Straight Time Employees as exempt and

4   refused to pay them overtime and double time.

5       130.    SWCA's decision to misclassify Shreckengost and the Straight Time Employees as exempt

6   employees was neither reasonable, nor was the decision to misclassify these employees as exempt made

7   in good faith.

8       131.    Likewise, SWCA's failure to pay Shreckengost and the Straight Time Employees overtime

9   compensation was neither reasonable, nor was the decision not to pay these employees overtime

10  compensation made in good faith.

11      132.    SWCA knew the California Labor Code and applicable IWC Wage Order(s) required it to

12  authorize, permit and/or make available *bona fide* meal and rest periods to its employees, including

13  Shreckengost and the Straight Time Employees.

14      133.    SWCA knew it failed to provide Shreckengost and the Straight Time Employees with *bona*

15  *fide* meal and rest breaks.

16      134.    SWCA knew Shreckengost and the Straight Time Employees did not actually receive *bona*

17  *fide* meal and rest breaks.

18      135.    Thus, SWCA knew, should have known, or showed reckless disregard for the fact it failed

19  to authorize, permit and/or make available *bona fide* meal and rest periods to Shreckengost and the other

20  Straight Time Employees in violation of the California Labor Code and applicable IWC Wage Order(s).

21      136.    SWCA knew the California Labor Code and applicable IWC Wage Order(s) required it to

22  pay employees, including Shreckengost and the Straight Time Employees, one hour of premium pay (at

23  their regular rates) for each day these employees are denied an off-duty meal or rest period.

24      137.    Nonetheless, SWCA failed to pay Shreckengost and the Straight Time Employees one

25  hour of premium pay (at their regular rates) for each day it denied these employees an off-duty meal or

26  rest period.

27      138.    Thus, SWCA knew, should have known, or showed reckless disregard for the fact it

28

1  violated the meal and rest period premium pay provisions of the California Labor Code and applicable

2  IWC Wage Order(s).

3      139.    SWCA's failure to provide Shreckengost and the Straight Time Employees with compliant

4  meal and rest periods was neither reasonable, nor was the decision not to provide these employees with

5  compliant meal and rest periods made in good faith.

6      140.    Likewise, SWCA's failure to pay Shreckengost and the Straight Time Employees one hour

7  of premium pay for each day they were denied a compliant meal or rest period was neither reasonable,

8  nor was SWCA's decision to not pay these employees one hour of premium pay for each day they were

9  denied a compliant meal or rest period made in good faith.

10      141.    SWCA knew that it failed to provide Shreckengost and the Straight Time Employees with

11  accurate wage statements that accurately reflected their actual wages earned and meal/rest period

12  premium pay.

13      142.    SWCA's failure to provide Shreckengost and the Straight Time Employees with accurate

14  wage statements was neither reasonable, nor was the decision not to provide these employees with

15  accurate wage statements made in good faith.

16      143.    SWCA knew that it failed to pay Shreckengost and the other Straight Time Employees

17  who left their employment all their earned wages upon separation.

18      144.    SWCA's failure to pay Shreckengost and the other Straight Time Employees who ended

19  their employment all their earned wages upon separation was neither reasonable, nor was the decision

20  not to pay these employees all their earned wages upon separation made in good faith.

21      145.    SWCA knew, should have known, or showed reckless disregard for whether the conduct

22  described in this Complaint violated California law.

23      146.    Indeed, SWCA has been sued previously by employees for failing to pay overtime wages.

24  *See, e.g., Cook v. SWCA, Incorporated*, No. 2:23-CV-00660-DWL (D. Az.); *Roberts v. SWCA, Incorporated*,

25  No.1:23-CV-00627 (D.N.M.).

26  / / /

27  / / /

28

ORIGINAL CLASS ACTION COMPLAINT AND JURY DEMAND
*Shreckengost, et al. v. SWCA, Incorporated*

**C**OUNT **I**
**F**AILURE TO **P**AY **O**VERTIME **U**NDER **C**ALIFORNIA **L**AW
**P**URSUANT TO **C**AL. **L**AB. **C**ODE § 510
**(Rule 23 Class Action)**

147.    Shreckengost incorporates all other paragraphs by reference.

148.    Shreckengost brings her overtime claim under the California Labor Code and IWC Wage Order(s) as a class action on behalf of herself and the Straight Time Employees pursuant to FED. R. CIV. P. 23.

149.    At all relevant times, SWCA was subject to the Labor Code and applicable Wage Orders.

150.    At all relevant times, SWCA was Shreckengost's and each Straight Time Employee's "employer" within the meaning prescribed in the Labor Code.

151.    At all relevant times, Shreckengost and each Straight Time Employee was SWCA's "employee" within the meaning prescribed in the Labor Code.

152.    At all relevant times, Shreckengost and the Straight Time Employees were entitled to overtime (and double time) wages under the California Labor Code and applicable IWC Wage Order(s).

153.    Section 510(a) of the California Labor Code provides:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

154.    IWC Wage Order 5-2001(3)(A)(1), & (3) states that employees:

> …shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than … [o]ne and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek…

155.    Section 1194(a) of the California Labor Code further provides:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to

recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

156. Section 1198 of the California Labor Code makes it unlawful for employers, like SWCA, to employ employees, including Shreckengost and the Straight Time Employees, under conditions that violate any applicable IWC Wage Order(s).

157. Despite regularly working over 8 hours a day and 40 hours in a workweek as part of their normal and regular schedules, Shreckengost and the Straight Time Employees did not receive overtime wages at rates not less than 1.5 times their regular rates of pay for all overtime hours worked.

158. Despite occasionally working over 12 hours a day and/or 8 hours on a seventh consecutive workday, Shreckengost and the Straight Time Employees did not receive double time wages at rates not less than 2 times their regular rates of pay for all double time hours worked.

159. SWCA's unlawful conduct harmed Shreckengost and the other Straight Time Employees by depriving them of the overtime and double time wages they are owed.

160. SWCA knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Shreckengost and the Straight Time Employees overtime and double time wages.

161. Accordingly, Shreckengost and the Straight Time Employees are entitled to recover the unpaid balance of overtime wages in an amount equal to 1.5 times their regular rates of pay and double time wages in an amount equal to 2 times their regular rates of pay, plus an equal amount as liquidated damages, interest at the highest applicable rates, and attorneys' fees and costs.

## COUNT II
### FAILURE TO AUTHORIZE, PERMIT, AND/OR MAKE AVAILABLE *BONA FIDE* MEAL & REST PERIODS PURSUANT TO CAL. LAB. CODE §§ 226.7 AND 512
#### (Rule 23 Class Action)

162. Shreckengost incorporates all other paragraphs by reference.

163. Shreckengost brings her meal and rest period claim under the California Labor Code and IWC Wage Order(s) as a class action on behalf of herself and the Straight Time Employees pursuant to FED. R. CIV. P. 23.

164. At all relevant times, SWCA was subject to the Labor Code and applicable Wage Orders.

165. At all relevant times, SWCA was Shreckengost's and each Straight Time Employee's

1   "employer" within the meaning prescribed in the Labor Code.

2   166.    At all relevant times, Shreckengost and each Straight Time Employee was SWCA's

3   "employee" within the meaning prescribed in the Labor Code.

4   167.    At all relevant times, Shreckengost and the Straight Time Employees were entitled to

5   compliant, *bona fide* meal and rest periods under the California Labor Code and applicable IWC Wage

6   Order(s).

7   168.    Sections 226.7 and 512 of the California Labor Code and applicable IWC Wage Order(s)

8   require employers, like SWCA, to authorize and permit meal and rest periods to their employees,

9   including Shreckengost and the Straight Time Employees.

10   169.    Specifically, Sections 226.7 and 512 of the California Labor Code and applicable IWC

11   Wage Order(s) require employers, like SWCA, to provide employees, including Shreckengost and the

12   Straight Time Employees, one uninterrupted 30-minute meal period when they work more than 5 hours

13   per day and a second uninterrupted 30-minute meal period when they work more than 10 hours in day.

14   170.    Similarly, Section 226.7 of the California Labor Code and the applicable Wage Orders, also

15   requires employers, like SWCA, to authorize and permit employees, including Shreckengost and the

16   Straight Time Employees, to take 10 minutes of net rest time per 4 hours (or major fraction thereof) of

17   work, and to pay employees their full wages during those rest periods.

18   171.    Unless employees are relieved of all duties during their 30-minute meal period(s) and 10-

19   minute rest period(s), the employees are considered "on duty," and the meal/rest period must be counted

20   as time worked under the applicable IWC Wage Order(s).

21   172.    Pursuant to Section 226.7(b) of the California Labor Code and applicable IWC Wage

22   Order(s), employers, like SWCA, who fail to provide an employee with a required meal and/or rest

23   period must, as compensation, pay the employee one hour of pay at the employee's regular rate for each

24   day that the meal and/or rest period was not authorized or permitted.

25   173.    At all relevant times, SWCA routinely failed to make meal periods available to

26   Shreckengost and the Straight Time Employees.

27   174.    Despite long days regularly lasting in excess of 8, and occasionally 12, hours, Shreckengost

28

and the Straight Time Employees are often unable to take a meal break, prevented from timely taking a meal break, are otherwise subject to interruption during their meal breaks, and are frequently interrupted during their attempted meal breaks.

175.    Shreckengost and Straight Time Employees are not paid one hour of premium pay for their missed meal breaks as required by California law.

176.    Similar to meal periods, at all relevant times, SWCA regularly failed to make rest periods available to Shreckengost and the Straight Time Employees.

177.    When available, if ever, Shreckengost's and the Straight Time Employees' rest periods were often not compliant; rather, their rest periods were generally untimely and/or short.

178.    Shreckengost and the Straight Time Employees do not receive premium pay for their missed rest periods as required by California law.

179.    SWCA's conduct described herein violates Labor Code §§ 226.7 and 512.

180.    SWCA's unlawful conduct harmed Shreckengost and the other Straight Time Employees by depriving them of compliant meal and rest periods, as well as premium pay.

181.    SWCA knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to provide Shreckengost and the Straight Time Employees compliant meal and rest periods and associated premium pay for missed meal and rest periods.

182.    Accordingly, Shreckengost and the Straight Time Employees are entitled to compensation for SWCA's failure to authorize, permit, and/or make available meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

<u>COUNT III</u>
**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**
**PURSUANT TO CAL. LAB. CODE § 226**
**(Rule 23 Class Action)**

183.    Shreckengost incorporates all other paragraphs by reference.

184.    Shreckengost brings her wage statement claim under the California Labor Code and IWC Wage Order(s) as a class action on behalf of herself and the Straight Time Employees pursuant to FED. R. CIV. P. 23.

185.    At all relevant times, SWCA was subject to the Labor Code and applicable Wage Orders.

186.    At all relevant times, SWCA was Shreckengost's and each Straight Time Employee's "employer" within the meaning prescribed in the Labor Code.

187.    At all relevant times, Shreckengost and each Straight Time Employee was SWCA's "employee" within the meaning prescribed in the Labor Code.

188.    Section 226(a) of the California Labor Code requires employers, like SWCA, to provide accurate itemized wage statements to employees, including Shreckengost and the Straight Time Employees, "semimonthly or at the time of each payment of wages" that accurately show:

> (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of her or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee …. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

189.    IWC Wage Order 5-2001(7) establishes similar wage statement requirements.

190.    Section 226(e) of the California Labor Code further provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

191.    At all relevant times, SWCA did not provide timely, accurate itemized wage statements to Shreckengost and the Straight Time Employees in accordance with Section 226(a) of the California Labor Code and the applicable the IWC Wage Order(s) because the wage statements provided did not accurately reflect, *inter alia*, the actual gross wages earned, premium pay earned, or actual net wages

1  earned.

2  192.   Accordingly, SWCA is liable to Shreckengost and the Straight Time Employees for the

3  amounts described above, with interest, as well as attorneys' fees and costs pursuant to Labor Code §

4  226(e).

5  **COUNT IV**
   **WAITING TIME PENALTIES**
6  **PURSUANT TO CAL. LAB. CODE §§ 201-203**
   **(Rule 23 Class Action)**

7  193.   Shreckengost incorporates all other paragraphs by reference.

8  194.   Shreckengost brings her waiting time penalties claim under the California Labor Code and

9  IWC Wage Order(s) as a class action on behalf of herself and the other Straight Time Employees who

10 have left their employment with SWCA pursuant to FED. R. CIV. P. 23.

11 195.   At all relevant times, SWCA was subject to the Labor Code and applicable Wage Orders.

12 196.   At all relevant times, SWCA was Shreckengost's and each Straight Time Employee's

13 "employer" within the meaning prescribed in the Labor Code.

14 197.   At all relevant times, Shreckengost and each Straight Time Employee was SWCA's

15 "employee" within the meaning prescribed in the Labor Code.

16 198.   Section 201 of the California Labor Code provides: "If an employer discharges an

17 employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

18 199.   Section 202 of the California Labor Code provides: "If an employee not having a written

19 contract for a definite period quits her or his employment, her or his wages shall become due and

20 payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of

21 her or her intention to quit, in which case the employee is entitled to her or her wages at the time of

22 quitting."

23 200.   Section 203 of the California Labor Code provides, in relevant part:

24     If an employer willfully fails to pay, without abatement or reduction,
       in accordance with Sections 201, 201.5, 202, and 205.5, any wages of
25     an employee who is discharged or who quits, the wages of the
       employee shall continue as a penalty from the due date thereof at the
26     same rate until paid or until an action therefor is commenced; but the
       wages shall not continue for more than 30 days.

27

28

201.    Shreckengost and certain Straight Time Employees left their employment with SWCA during the statutory period, at which time SWCA owed these employees unpaid wages.

202.    These earned, but unpaid, wages derive from the unpaid overtime pay, double time pay, and premium pay owed by SWCA.

203.    SWCA willfully refused, and continue to refuse, to pay Shreckengost and other Straight Time Employees all wages due and owing to them, in the form of unpaid wages, overtime wages, double time wages, and premium pay, upon the end of their employment as a result of SWCA's illegal day rate pay scheme.

204.    As a result of SWCA's actions, Shreckengost and other Straight Time Employees have suffered, and continue to suffer, substantial losses, including lost earnings and interest.

205.    SWCA's failure to pay Shreckengost and these Straight Time Employees the wages due and owing constitute a violation of CAL. LAB. CODE §§ 201-202.

206.    As a result, SWCA is liable to Shreckengost and these Straight Time Employees for all penalties owing pursuant to California Labor Code §§ 201-203.

207.    Additionally, California Labor Code § 203 provides that an employee's wages will continue as a penalty up to 30 days from the time the wages were due.

208.    Accordingly, Shreckengost and these Straight Time Employees are entitled to penalties pursuant to California Labor Code § 203, plus interest.

**COUNT V**
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**
**PURSUANT TO CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.***
**(Rule 23 Class Action)**

209.    Shreckengost incorporates all other paragraphs by reference.

210.    Shreckengost brings her UCL claim as a class action on behalf of herself and the Straight Time Employees pursuant to FED. R. CIV. P. 23.

211.    California Business and Professions Code § 17200, *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

212.    Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

213.    Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

214.    Beginning at an exact date unknown to Shreckengost, but at least during the 4 years prior to the filing of this Complaint, SWCA committed acts of unfair competition as defined by the UCL, be engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

a.    Violations of Labor Code § 510 and IWC Wage Order 17-2001 pertaining to overtime and double time wages;

b.    Violations of Labor Code §§ 226.7 and 512 and IWC Wage Order 17-2001 pertaining to meal and rest periods;

c.    Violations of Labor Code § 226 regarding accurate, timely itemized wage statements; and

d.    Violations of Labor Code §§ 201-203 pertaining to waiting time penalties.

215.    SWCA's violations of these California laws and regulations, as well as the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200, *et seq.*

216.    The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200, *et seq.*

217.    Among other things, the acts and practices have taken from Shreckengost and the Straight Time Employees wages rightfully earned from them, while enabling SWCA to gain an unfair competitive advantage over law-abiding employers and competitors.

218.    Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

219.    Injunctive relief is necessary and appropriate to prevent SWCA from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

220.    As a direct and proximate result of the aforementioned acts and practices, Shreckengost and the Straight Time Employees have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

221.    Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.

222.    Shreckengost and the Straight Time Employees are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from them during the 4-year period prior to the filing of this Complaint.

223.    Shreckengost's success in this action will enforce important rights affecting the public interest and, in that regard, Shreckengost sues on behalf of herself as well as others similarly situated (the Straight Time Employees).

224.    Shreckengost and the Straight Time Employees seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

225.    Shreckengost takes upon herself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right and it would be against the interests of justice to penalize Shreckengost by forcing her to pay attorneys' fees from the recovery in this action.

226.    Attorney's fees are appropriately awarded to Shreckengost pursuant to Code of Civil Procedure § 1021.5 and otherwise.

**RELIEF SOUGHT**

227.    WHEREFORE, Shreckengost, individually and on behalf of the Straight Time Employees, seeks the following relief:

    a.    An Order designating this lawsuit as a class action pursuant to FED. R. CIV. P. 23;

    b.    An Order appointing Shreckengost and her counsel to represent the interests of the Straight Time Employees;

   c.  An Order finding SWCA liable to Shreckengost and the Straight Time Employees for their unpaid wages, overtime wages, double time wages, liquidated damages, statutory damages, and other penalties owed under the California Labor Code and applicable IWC Wage Order(s);

   d.  A Declaratory Judgment that SWCA violated the UCL as a result of the aforementioned violations of the California Labor Code and applicable IWC Wage Orders;

   e.  Judgment awarding Shreckengost and the Straight Time Employees all unpaid wages, overtime wages, double time wages, liquidated damages, statutory damages, and other penalties available under the California Labor Code, the applicable IWC Wage Order(s), and/or the UCL;

   f.  An Order awarding attorney's fees, costs, and expenses;

   g.  Pre- and post-judgment interest at the highest applicable rates; and

   h.  Such other and further relief as may be necessary and appropriate.

Date: August 4, 2023                        Respectfully submitted,

/s/ William M. Hogg
William M. Hogg
Michael A. Josephson*
Andrew W. Dunlap*
**JOSEPHSON DUNLAP LLP**

Richard J. (Rex) Burch*
**BRUCKNER BURCH PLLC**

* - *Pro hac vice* forthcoming

*Counsel for Plaintiff and the Straight Time Employees*

ORIGINAL CLASS ACTION COMPLAINT AND JURY DEMAND
*Shreckengost, et al. v. SWCA, Incorporated*

## DEMAND FOR JURY TRIAL

Shreckengost hereby demands a jury trial on all claims and issues, as she and the Straight Time Employees are entitled to a jury.

Date: August 4, 2023                                    Respectfully submitted,


                                                        /s/ William M. Hogg
                                                        William M. Hogg
                                                        Michael A. Josephson*
                                                        Andrew W. Dunlap*
                                                        **JOSEPHSON DUNLAP LLP**

                                                        Richard J. (Rex) Burch*
                                                        **BRUCKNER BURCH PLLC**

                                                        * - *Pro hac vice* forthcoming

                                                        *Counsel for Plaintiff and the Straight Time Employees*